In re David M. SIMONETTE and
Tamara A. Simonette,
Debtors.

David M. SIMONETTE and Tamara
A. Simonette, Movants,

v.

FIRST NATIONAL BANK OF PA
and William Pineo, Trustee,
Respondents.

David M. SIMONETTE and Tamara
A. Simonette, Movants,

v.

MEADVILLE AREA REDEVELOPMENT AUTHORITY and William Pineo, Trustee, Respondents.

David M. SIMONETTE and Tamara
A. Simonette, Movants,

v.

John F. DONAHUE and Frances S.
Donahue and William Pineo,
Trustee, Respondents.

Bankruptcy No. 91–00084E.
Motion Nos. 91–547, 91–831 and 91–548.

United States Bankruptcy Court,
W.D. Pennsylvania.

Jan. 2, 1992.

David W. Pickens, Meadville, Pa., for debtors.

Susan F. Reiter, Erie, Pa., for First Nat. Bank of Pennsylvania.

WARREN W. BENTZ, Bankruptcy Judge.

OPINION

The facts are agreed as follows.

The property in question, a two-unit rental property located at 385 Poplar Street, Meadville, Pennsylvania, has a fair market value of $26,000. It is not the Debtors' residence.

The property is subject to the following liens:

| | |
|---|---|
| Judgment lien in favor of Meadville Redevelopment Authority entered August 1983 and revived in 1988 | $ 2,710.99 |
| Judgment lien in favor of First National Bank of PA entered May 4, 1988 | 39,608.19 |
| Judgment lien in favor of John F. Donahue and Frances S. Donahue entered June 21, 1988 (avoided by default judgment in this Court entered 11/5/91) | 31,364.00 |

Mortgage in favor of First
National Bank of PA dated
and recorded June 20, 1989     4,360.07

The amounts shown are the amounts due as of the date of the bankruptcy.

The above liens total $78,042.96. Debtor seeks to utilize 11 U.S.C. § 522(f)(1) to avoid the judicial liens to the extent necessary to allow the debtor his exemptions. Inspection of the dates of entry of the above judgment liens reveals that the judgment liens are all prior to and superior to the mortgage lien.

Debtor is therefore asking us to avoid superior judgment liens in order to allow his exemption, while preserving an inferior mortgage lien.

We faced the same problem in *In re Baldwin,* 84 B.R. 394 (Bankr. WD Pa 1988). Our conclusion there, based upon the authorities therein cited, was that the debtor's subsequent execution of a consensual mortgage lien ratifies as consensual all that is on the record prior thereto and that the debtor may not upset the state lien law priority by avoiding a prior lien while leaving intact a subordinate lien. Debtor may therefore not avoid any of the liens in question under § 522(f) of the Bankruptcy Code.

Debtor may, however, avoid liens in excess of the value of the property under Bankruptcy Code § 506, should he choose to file an appropriate motion. See *Gaglia v. First Federal Savings & Loan,* 889 F.2d 1304 (3d Cir.1990).

During the course of the proceeding, it has been brought to our attention that the judgment of the Meadville Redevelopment Authority has been avoided by default judgment in this Court and that the judgment lien in favor of John F. Donahue and Frances S. Donahue has been avoided by default judgment in this Court. In retrospect, it is apparent that such default judgments should not have been granted. The Court retains jurisdiction at least until the case is closed to correct such errors.

Those default judgments will therefore be vacated.